**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| TAMMY L. BRANNON, | ) | CASE NO. 1:15-CV-00904 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner | ) | |
| of Social Security, | ) | |
| | ) | **REPORT AND** |
| Defendant. | ) | **RECOMMENDATION** |

On June 24, 2016, United States Magistrate Judge Nancy A. Vecchiarelli issued a Memorandum Opinion and Order granting in part and denying in part Plaintiff Tammy L. Brannon's motion for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).[1] (Doc. No. 30.) The Magistrate Judge concluded that an award of attorney fees was warranted, but she denied, as inadequately supported, Plaintiff's request for an hourly fee rate in excess of the EAJA's $125.00 statutory cap. (*Id.*)

On July 22, 2016, Plaintiff filed the instant Motion to Alter or Amend the Memorandum Opinion and Order, seeking reconsideration of the Magistrate Judge's decision denying the request for a rate greater than $125.00. (Doc. No. 31.) Plaintiff maintains that a recent Sixth Circuit decision, *Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878 (6th Cir. 2016), represents an

---

[1] This matter was before Magistrate Judge Vecchiarelli by consent of the parties. (Doc. No. 14.) Following her retirement, the Court issued General Order No. 2016-19, which withdrew the parties' consent and returned the matter to the previously assigned district judge.

intervening change in the controlling law. Defendant Commissioner of Social Security filed a timely response in opposition. (Doc. No. 33.)

On August 24, 2016, this matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule 72.1 for the preparation of a report and recommended decision. For the reasons that follow, the undersigned recommends that Plaintiff's motion be DENIED.

**I.**

In her EAJA application, Plaintiff sought fees at an hourly rate of $185.21. (Doc. No. 24.) Under the EAJA, "[t]he amount of fees award shall be based upon prevailing market rates for the kind and quality of the services furnished," and "fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). "In requesting an increase in the hourly-fee rate, Plaintiff[ ]bear[s] the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). The decision to allow a rate increase is "left to the sound discretion of the district court." *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992).

Here, Plaintiff provided various documents in support of her request for an increased hourly fee rate, including time sheets of the legal work performed, and a table from the U.S. Bureau of Labor and Statistics Consumer Price Index, a declaration of another Social Security practitioner, and a report from the Ohio State Bar Association, titled "The Economics of Law Practice in Ohio." (Doc. Nos. 24-2, 24-3, 24-4, 24-5, 29-1, 29-2.) After considering these

2

submissions, the Magistrate Judge concluded that

> Plaintiff has not submitted adequate evidence to carry her burden of supporting a cost-of-living increase to $185.21 per hour for work performed by counsel. While Plaintiff has submitted some evidence of the increase in cost and value of legal services in general, she has not adequately supported her assertions that the prevailing hourly rate for attorneys who practice social security law in the Cleveland, Ohio area is $185.21.

(Doc. No. 30 at 12-13).  Plaintiff's requested hourly fee rate was accordingly denied.

## II.

Plaintiff now seeks to alter or amend this decision pursuant to Federal Rule of Civil Procedure Rule 59(e), which provides that a district court may grant a motion to alter, amend, or vacate a prior judgment if there is (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in the controlling law; or (4) a need to prevent manifest injustice. Fed.R.Civ.P. 59(e).  "The purpose of [a] Rule 59(e) [motion] is to allow the district court to correct its own errors, [thus] sparing the parties and appellate courts the burden of unnecessary appellate proceedings."  *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (internal quotation marks omitted) (citation omitted).

Here, Plaintiff argues that the Court should alter or amend judgment because there has been an intervening change in the controlling law.  Specifically, Plaintiff points to the Sixth Circuit's decision in *Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878 (6th Cir. 2016), for the proposition that the report from the Ohio State Bar Association, which Plaintiff submitted in support of the fee application, is sufficient to justify a hourly fee rate in excess of the EAJA cap.

First, the decision in *Minor* is not "intervening."  The Sixth Circuit decided *Minor* before Magistrate Judge Vecchiarelli issued her order denying the rate increase.  Plaintiff could have raised her argument at that time, but she did not.  Therefore, the Plaintiff's argument is barred.

3

*See Hutton v. Mitchell*, No. 1:05 CV 2391, 2013 WL 4060136, at *2 (N.D. Ohio Aug. 9, 2013) (denying post-judgment relief where petitioner could have, but did not, raise the issue prior to the court's judgment).

Additionally, *Minor* does not represent a change in the law. Its holding simply reiterates the well-settled principle that the district court "must provide a clear and concise explanation of its reasons for the fee award." *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995). In *Minor*, as here, a prevailing social security plaintiff sought an hourly fee rate greater than the statutory cap. *Minor*, 826 F.3d at 880. In support of her motion, the plaintiff provided the district court with a Michigan State Bar report which broke down Michigan attorney billing rates by office location, primary county of practice, and field of practice. *Id.* at 882. The district court concluded that the Michigan State Bar did not support a rate increase because "it simply does not speak to counsel's particular circumstances." *Id.* at 883.

The Court of Appeals found, consistent with the established law, that the district court's explanation was lacking because it did not "elaborate[ ] on the particular nature of those perceived circumstances or offer[ ] any further explanation for the detailed report's purported inadequacy." *Id.* The court explained, "It is essential that the judge provide a reasonably specific explanation for all aspects of a fee determination" because "[u]nless such an explanation is given, adequate appellate review is not feasible[.]" *Id.* (quoting *Binta B. ex rel. S.A. v. Gordon*, 710 F.3d 608, 639 (6th Cir. 2013)). The matter was remanded to the district court "to reconsider and provide a full explanation of its reasoning." *Id.* at 880. The Court of Appeals did not, as is argued by Plaintiff, establish a *per se* rule that a state bar report, such as that previously submitted to this Court, is sufficient to support an EAJA fee increase.

In sum, the decision in *Minor* does not represent an intervening change in the controlling law, such that relief under Federal Rules of Civil Procedure Rule 59(e) is warranted.

### III. Conclusion

For the foregoing reasons, the undersigned recommends that the Plaintiff's Motion to Alter or Amend be DENIED.

      *s/ Jonathan D. Greenberg*
      Jonathan D. Greenberg
      United States Magistrate Judge

Date:  September 14, 2016

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**