**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TAMMY L. BRANNON, | ) | CASE NO.1:15CV904 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | ORDER |
| Defendant. | ) | |

<u>**CHRISTOPHER A. BOYKO, J:**</u>

This matter is before the Court on Magistrate Judge Greenberg's Report and Recommendation (ECF #36) denying Plaintiff's Motion to Alter or Amend the Memorandum Opinion and Order Pursuant to Rule 59(e). (ECF #31). Plaintiff has filed an Objection to the Report and Recommendation. (ECF#37). Defendant has filed a Response to Plaintiff's Objections. (ECF#38).

On June 24, 2016, the Magistrate Judge issued a Memorandum Opinion and Order granting in part and denying in part Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The Magistrate Judge

1

concluded that an award of attorney fees was warranted, but denied Plaintiff's request for an hourly fee rate in excess of the EAJA's $125.00 statutory cap as inadequately supported. On July 22, 2016, Plaintiff filed the instant Motion to Alter or Amend the Memorandum Opinion and Order, seeking reconsideration of the Magistrate Judge's decision denying the request for a rate greater than $125.00.

"Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 371 (6th Cir. 1998). "The district court must grant a motion for reconsideration if the movant demonstrates that the district court and the parties have been misled by a palpable defect, and correcting the defect will result in a different disposition of the case". *Hansmann v. Fidelity Invs. Inst'l Servs. Co.,* 326 F.3d 760, 767 (6th Cir. 2003). Rule 59(e) motions may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. The court should use its "informed discretion" in deciding whether to grant or deny a Rule 59(e) motion. *Thomas & Betts Corp. v. Hosea Project Movers, LLC.*, No. 02-2953, unreported 2005 WL 2777012 * 1 (W.D. Tenn. Oct. 24, 2005), *citing Huff v. Metro. Life Ins. Co.,* 675 F.2d 119, 122 (6th Cir.1982).

Plaintiff argues that the Court should alter or amend judgment because there has been an intervening change in the controlling law, specifically, the Sixth Circuit's decision in *Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878 (6th Cir. 2016), for the proposition that the report from the Ohio State Bar Association, which Plaintiff submitted in support of the fee application, is sufficient to justify an hourly fee rate in excess of the EAJA cap. The Magistrate Judge concluded that *Minor* is not intervening and does not

2

represent a change in the law. The Magistrate Judge points out that in *Minor*, the Court of Appeals remanded the matter to the District Court to reconsider and provide a specific explanation of its reasoning. The Court agrees with the Magistrate Judge that the Court of Appeals did not establish a per se rule that a state bar report, such as that previously submitted to this Court, is sufficient to support an EAJA fee increase.

Plaintiff's Objections do not provide the Court with any additional information that would warrant relief under Rule 59(e). The Magistrate Judge's Report and Recommendation thoroughly addressed the evidence and properly applied the law.

Therefore, the Court adopts the Report and Recommendation of the Magistrate Judge and denies Plaintiff's Motion to Alter or Amend the Memorandum Opinion and Order.

IT IS SO ORDERED.

Date: 11/3/2016

    s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge